# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. TRUDEAU,<br><br>   Petitioner,<br><br> v.<br><br>D. L. RUNNELS, Warden,<br><br>   Respondents.<br>_____/ | CV F   02-5764 LJO SMS HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 63] |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On February 26, 2008, the Magistrate Judge issued a Findings and Recommendation that the Motion to Dismiss be GRANTED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

  On May 14, 2008, Petitioner filed timely objections to the Findings and Recommendation.

  Pursuant to this Court's order of August 12, 2008, Respondent filed a reply to Petitioner's objections on September 12, 2008. (Court Docs. 69, 70.)

  In his objections, Petitioner initially argues that the statute of limitations should have commenced, at the earliest, on August 3, 2000, when he was advised by appellate counsel that he was not going to file a collateral petition on his behalf. Petitioner's objection is overruled for the

because, as explained in the Magistrate's Findings and Recommendation, he failed to exercise due diligence thereafter. More specifically, after becoming aware in August 2000, of the need to file a petition for writ of habeas corpus, Petitioner failed to take any steps toward filing such petition until over eight months later. It is clearly established law that in order for a petitioner to be entitled to equitable tolling he must demonstrate that he was pursuing his rights diligently, in addition to an extraordinary circumstance preventing such filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner next contends that the lockdowns were not intermittent during the period of October 2000 through May 2001, but rather continuous, and he was not able to use the library during this time. In addition, Petitioner objects to the Operations Manual of the Library on the grounds it is hearsay and irrelevant.

In response to Petitioner's objections, Respondent has submitted a declaration of the Litigation Coordinator for High Desert State Prison, Jason Bishop, who states that "[a] general library user, or "GLU" is an inmate who may access the library to conduct legal research but does not have a specific court-order or procedural deadline within 30 days. A "PLU", or a priority library user, is an inmate who has a verified court-order or procedural deadline scheduled within the next 30 days. In order to gain access to the law library inmates must fill out a law library access request form. An inmate ordinarily has a two-hour library access period on a given day." (Exhibit 1, attached to Reply.) In addition, "[d]uring a lockdown, inmates receiving PLU access are normally escorted in restraints by custody staff. This necessarily results in a reduction in the number of inmates accommodated with PLU access per day. Lockdowns do not normally altogether preclude priority inmate access to the law library." (Id.)

Senior Law Librarian at High Desert State Prison, John Flaherty, declares that Petitioner never even attempted to fill out the request forms to use the library until April of 2001. (Exhibit 2, attached to Reply.) Mr. Flaherty further declares that in the past years, he has "approved PLU status on numerous occasions for inmates facing a federal habeas petition filing deadline provided they supplied proper court documentation, such as a denial of review from the California Supreme Court. I am familiar with the one-year statute of limitations for AEDPA

1  petitions, once state review has become final." (Id.)  Moreover, contrary to Petitioner's
2  contention, the prison has granted PLU status for prisoners who has filed a federal petition if they
3  are within 30 days of the documented deadline.  (Exhibits 1 & 2.)
4         In addition, as pointed out by Respondent, Petitioner's exhibits EE-1 through EE-8,
5  attached to his opposition to Respondent's motion to dismiss (Court Doc. 56), belie his argument
6  that he was completely unable to use the law library from October 2000 through May 2001.
7  Although only PLU library users who were not White or Southern Hispanic were allowed to use
8  the law library from October 26, through November 2, 2999 (Exhibit EE-2), and from November
9  9, through November 15, 2000 (Exhibit EE-3), after December 1, 2000 through February 7,
10 2001, all GLU and PLU users were permitted to use the library.  However, Petitioner did not
11 attempt to fill out a library request form until April 2001.  Accordingly, Petitioner's objection is
12 not persuasive.
13        Lastly, with regard to Petitioner's objection to the Operations Manual for the Law Library
14 at High Desert State Prison, as irrelevant and hearsay, it is overruled.  The declaration of Jason
15 Bishop clearly states that the law library requirements have not substantially changed from the
16 year 2000 to the present.  In addition, pursuant to Federal Rule of Evidence 803 subdivision 6,
17 the operations manual is admissible as a business record or public record of prison, a recognized
18 exception to the hearsay rule.  Fed. R. Evid. 803(6).
19        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted
20 a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's
21 objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
22 supported by the record and proper analysis.  For the reasons explained herein, Petitioner's
23 objections present no grounds for questioning the Magistrate Judge's analysis.
24        Accordingly, IT IS HEREBY ORDERED that:
25        1.    The Findings and Recommendation issued February 26, 2008, is ADOPTED IN
26              FULL;
27        2.    Respondent's Motion to Dismiss is GRANTED;
28        3.    The Petition for Writ of Habeas Corpus is DISMISSED as time-barred;

1    4.   The Clerk of the Court is DIRECTED to close this action.  This terminates this action in its entirety; and,

2    5.   The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:**   October 29, 2008          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

4