UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. TRUDEAU,<br><br>    Petitioner,<br><br>    v.<br><br>D. L. RUNNELS, Warden,<br><br>    Respondents.<br>_____/ | 1:02-cv-05764 LJO SMS (HC)<br><br>ORDER SETTING BRIEFING SCHEDULE FOLLOWING REMAND FROM THE NINTH CIRCUIT COURT OF APPEALS<br><br>[Docs. 79. 80] |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Carolyn D. Phillips, Esq.

    On October 29, 2008, the instant petition for writ of habeas corpus was dismissed as untimely and judgment was entered. On November 19, 2008, Petitioner filed a notice of appeal in the Ninth Circuit Court of Appeals. On February 2, 2011, the Ninth Circuit found that the petition was timely and remanded the action back to this Court. Pursuant to the Ninth Circuit Court of Appeals' order and Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

1.     Respondent SHALL FILE a ANSWER addressing the merits of the Petition[2] within SIXTY (60) days of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. In the event Respondent argues that Petitioner has *procedurally defaulted* a claim in the ANSWER, Respondent must also address the merits of the claim asserted.

2.     After Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3.     The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:    June 1, 2011               /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").